IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JESSICA BIZIC | )<br>) |
| Plaintiff, | )<br>) |
| v. | ) Civil No. 14-1366<br>) |
| CASTLE CO-PACKERS LLC, | )<br>) |
| Defendant. | ) |

## MEMORANDUM OPINION & ORDER

Presently before the Court is Defendant's Motion for Sanctions, Including Emergency Request to Stay. ECF No. 31. This motion follows our previous Order directing Plaintiff to provide full, complete and verified Answers to Defendant's First Set of Interrogatories and Responses to Defendant's First Request for Production of documents within fourteen (14) days of the Order. ECF No. 30. In the instant motion Defendant complains that Plaintiff has still not provided Defendant with full, complete, and verified discovery responses. Specifically, Defendant states that on October 27, 2015, "Plaintiff provided unverified and incomplete responses" to discovery requests and provided none of the documents referenced in the responses. Def. Mot. ¶ 12.

We have reviewed the responses provided by Plaintiff's counsel. It is true they the verification page is not signed by Plaintiff. It is also true that Plaintiff's counsel refers to a small number of documents that have not been provided. She refers to personally generated documents of a resume, a "log" and a job search log; as well as a Pay stub, OSHA and EEOC complaint, and an EEOC charge. Plaintiff's counsel indicates that the documents identified in the responses were to be supplemented.

Clearly, Plaintiff has not fully complied with discovery in this case. At a minimum, Plaintiff needs to deliver to Defendant the documents in her possession that Defendant is unable to obtain in any other fashion. In addition, Plaintiff must verify that the discovery responses provided by her counsel are true and correct. However, we disagree with defense counsel's descriptions of Plaintiff's noncompliance as "woefully deficient." Def. Mot. ¶ 13. Assuming that Plaintiff verifies the responses, Plaintiff has appeared to provide relevant information regarding the alleged facts in her Amended Complaint. This is not to excuse Plaintiff's failure to provide her resume, log, and job search log, as it appears those documents will provide more complete information about Plaintiff's job qualifications, employment history, attempts at mitigation, and other pertinent information. However, as noted by defense counsel, this case concerns an extremely limited time-frame and only a handful of people, most of who were or are employed by Defendant.

We also note that throughout the motion defense counsel includes irrelevant references to alleged facts and unnecessary commentary on the merits of the case that are inappropriate in a discovery motion. For example, counsel calls the Plaintiff's lawsuit "unfounded" and "ill-conceived." Def. Mot. ¶¶ 1 & 25. He asserts the facts of the case as if they are proven, citing to Defendant's Answer. Def. Mot. ¶¶ 5 & 6.

Defense counsel also refers to the fact that Plaintiff brought an employment discrimination claim based on gender even though her supervisor was also a female. See Def. Mot. ¶ 6 ("Incredibly, Bizic contends that a female supervisor discriminated against her due to her sex."), & ¶ 25 ("Bizic filed this ill-conceived lawsuit contending her termination resulted from gender discrimination by a **female supervisor**." (emphasis in original)). To the extent that counsel included his remarks in order to ridicule Plaintiff's claim, we again note that such

2

remarks are inappropriate in a discovery motion. To the extent that counsel intended to insinuate that the case lacks legal merit because her supervisor is of the same gender, we direct counsel to a 1998 United States Supreme Court decision in which the Court stated "we hold today that nothing in Title VII necessarily bars a claim of discrimination "because of . . . sex" merely because the plaintiff and the defendant (or the person charged with acting on behalf of the defendant) are of the same sex." Oncale v. Sundowner Offshore Services, Inc., 523 U.S. 75, 79 (1998).

Finally, defense counsel prematurely invokes Rule 11 sanctions. In her Amended Complaint, Plaintiff alleges that she was replaced by a male worker. In response to Defendant's interrogatory to identify the male worker, Plaintiff indicates that she does not know the identity of this person. To defense counsel this response "raises Federal Rule of Civil Procedure 11 implications." Def. Mot. ¶ 15. We disagree. That the Plaintiff is unable to identify the person she alleges replaced her, after less than 4 days on the job, appears to the Court to be unremarkable at this stage of the litigation.

As a remedy for Plaintiff's failure to comply with discovery requests, Defendant seeks dismissal with prejudice. Alternatively, Defendant requests that we stay this matter until Plaintiff provides discovery. Finally, Defendant requests that we order Plaintiff to pay attorneys' fees for preparation of the instant motion.

Dismissal of this case based on the allegations of noncompliance is out of proportion to the discovery failures. We likewise see no basis to order that the case be stayed. Instead we will Order Plaintiff to comply with her discovery obligations or risk dismissal of the case. We will also extend discovery. We decline to relieve Defendant from its discovery obligations, as it is apparent that Plaintiff's missing discovery information is miniscule or readily known by

Defendant. We see no prejudice in holding Defendant to its obligations. See also Fed.R.Civ.Proc. 26(d)(3)(A) & (B).

We decline to order Plaintiff to pay attorneys' fees as it is apparent that counsel's motion does not warrant the award of fees based on Plaintiff having not verified discovery responses and not providing a handful of self-generated documents. Defendant is not prejudiced by the failures of Plaintiff. As the case proceeds, Defendant may be able to point to the lack of supporting information to its advantage as we will not allow Plaintiff to rely on unsupported or unverified factual allegations or information.

In conclusion, we find that Plaintiff has failed to provide full and complete responses to Defendant's discovery requests. Accordingly, we will order Plaintiff to provide full and complete responses no later than February 18, 2016. The failure to comply with this Order may result in dismissal of this action. We note that the pleadings indicate that Plaintiff's counsel has had difficulty in communicating with his client, and in fact may not know where she is living. This is supported by the fact that counsel was unable to obtain his client's signature to verify his discovery responses. We note that the failure of counsel to contact his client in order to comply with her obligations will not be a sufficient basis to avoid dismissal of this case given the length of time we have already given Plaintiff to comply with her discovery obligations.

Accordingly, the following ORDER is hereby entered.

AND NOW this 4th day of February, 2016, it is hereby ORDERED, ADJUDGED, and DECREED that Defendant's Motion for Sanctions, Including Emergency Request to Stay is GRANTED in part and DENIED in part as follows.

4

IT IS ORDERED that Plaintiff is hereby directed to provide full, complete and verified Answers to Defendant's First Set of Interrogatories and Responses to Defendant's First Request for Production of documents no later than February 18, 2016.

The failure to provide the above may result in dismissal of this action.

IT IS FURTHER ORDERED that fact discovery is hereby extended to April 1, 2016. Counsel shall contact the court to schedule the post-discovery conference within one week of the close of fact discovery.

Defendant's motion is DENIED in all other respects.

*Maurice B. Cohill, Jr.*
Maurice B. Cohill, Jr.
Senior United States District Court Judge